PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona
RYAN MCCARTHY
Assistant U.S. Attorney
Arizona State Bar No. 029804
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: ryan.mccarthy@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Ana Aurelia Barraza,<br><br>                    Defendant. | 19-CR-00914-JJT<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The Presentence Investigative Report ("PSR") provides that the applicable post-departure Guidelines range is 41 to 51 months' imprisonment followed by two to five years' of supervised release. (PSR ¶ 61.) The United States agrees with these calculations. The United States agrees with the sentencing recommendation made in the PSR and recommends the Court impose a low-end Guideline sentence of 41 months' imprisonment followed by three years' of supervised release.

**I.     Background**

On July 7, 2019, Ms. Barraza ("Defendant") applied for admission into the United States from Mexico at the San Luis Port of Entry. (PSR ¶ 5.) Defendant was the driver and sole occupant of a blue Dodge Caliber. (PSR ¶ 5.) A primary inspection revealed that Defendant had crossed the border as a pedestrian earlier the same day. (PSR ¶ 5.) Defendant said she lived in Phoenix, but was crossing the border to go shopping.

Defendant was referred to secondary inspection. (PSR ¶ 5.)  During the secondary inspection, a CBP officer noticed the hoses on the gas tank were clean compared to the rest of the car's undercarriage.  (PSR ¶ 5.)  A narcotics K-9 alerted to the rear undercarriage of Defendant's car. (PSR ¶ 5.)  A search of the car revealed 67 cellophane-wrapped packages of methamphetamine inside of the gas tank weighing 18.97 kilograms.  (PSR ¶ 5.)

Defendant has given several statements about her involvement in the offense with varying degrees of candor.  On the date of her arrest, Defendant told agents she traveled to San Luis Rio Colorado, Sonora, Mexico and partied at local clubs for several days. (PSR ¶ 6.)  Defendant said she woke up one morning and noticed that her car was missing from the hotel she was staying at. (PSR ¶ 6.) Defendant said she three individuals she had met on the trip drove her to a car wash where she located her car. (PSR ¶ 6.)  From the car wash, Defendant said she drove across the border on her way home. (PSR ¶ 6.)  Defendant told the agents she did not know she had drugs in the car and denied being paid to make the trip. (PSR ¶ 6.)

After Defendant's change of plea, she provided a statement to the Probation Department. (PSR ¶ 9.)   In the statement, she provided a similar explanation that she met individuals at a party in Mexico who took her car to a car wash. (PSR ¶ 9.)  Defendant was picked up the following morning and taken to her car.  (PSR ¶ 9.)  Defendant again denied that she was aware of the drugs that were hidden in her car.  (PSR ¶ 9.)  Following the initial presentence interview, Defendant provided an additional statement regarding her involvement. (PSR ¶ 10.)  This time, Defendant admitted that a friend in Phoenix told her she could make money by driving a car from Mexico to Phoenix. (PSR ¶ 10.)  Defendant picked up a car at a construction site and drove it Mexico.  (PSR ¶ 10.)  Defendant said she tried to make one attempt to go back to Phoenix but realized she had no way to get home. (PSR ¶ 10.)  She returned to the hotel and agreed to drive the vehicle across the border. (PSR ¶ 10.)  Defendant admitted she knew she had drugs in the car and that she was being paid a few thousand dollars to transport the drugs. (PSR ¶ 10.)

## II.   Argument

The PSR correctly calculates Defendant's final post-departure guideline range as 41 to 51 months, after accounting for a number of downward adjustments: a three-level reduction in base offense level because of mitigating role; a two-level reduction for safety valve; a two-level reduction for minor role; a three-level reduction for acceptance of responsibility; and a four-level downward departure under the fast-track program. (PSR ¶¶ 11-21.) Combined, these reductions bring Defendant's guideline range down from 188-235 months (using a base offense level of 36) to 41 to 51 months. This massive reduction appropriately reflects Defendant's role as a simple courier.

It is significant that Defendant has no prior felony convictions. Defendant, however, is not a complete stranger to the criminal justice system having been arrested on criminal charges on two prior occasions. Defendant was first arrested in October 2007 in Avondale when she was 18 years old. (PSR ¶ 23.) The arrest resulted in a conviction for Disorderly Conduct as a misdemeanor offense. (PSR ¶ 23.) A warrant was later issued in the same case in June 2008. (PSR ¶ 23.) On April 25, 2017, at the age of 27, Defendant was arrested for Shoplifting. (PSR ¶ 24.) At that time, Defendant was arrested after being caught leaving the store with approximately $80 dollars worth of unpaid merchandise. (PSR ¶ 24.) In June 2017, Defendant was convicted of Shoplifting in the Glendale Municipal Court and given 12 months of probation. (PSR ¶ 24.) Defendant was not successful on probation and she was arrested in October 2018 after her probation was revoked. (PSR ¶ 24.)

Defendant was clearly influenced to commit the offense by her substance abuse issues. (PSR ¶¶ 37-38.) Defendant's substance abuse progressed from alcohol and marijuana to Percocet and ultimately to heroin and fentnaly. (PSR ¶ 37.) In 2015, Defendant began using Percocet daily. (PSR ¶ 37.) When Defendant was unable to locate Percocet she began using heroin and fentanyl. (PSR ¶ 37.) Defendant was consuming drugs daily for one year prior to her arrest. (PSR ¶ 37.) It is certainly notable that Defendant has made important strides in her life since her arrest, particularly in working to overcome

her substance abuse issues.  In 2019, Defendant was released from custody and completed an inpatient program with Crossroads for Women in Phoenix. (PSR ¶ 38.)  Additionally, Defendant obtained a sponsor and completed the 12-step program. (PSR ¶ 38.)

Despite her recent choices, however, the sentence in this case must reflect the seriousness of the offense and afford adequate deterrence to criminal conduct.  Although Defendant was influenced by substance abuse, she also succomed to the allure of quick money admitting she was going to be paid a few thousand dollars for the smuggling drugs.  While Defendant is certainly not the kingpin of the drug organization, she took advantage of his U.S. citizenship to run drugs into the United States.  The applicable guidelines, however, appropriately weigh Defendant's role and her lack of criminal history.

Defendant's decision to smuggle 18.97 kilograms of methamphetamine, a large drug load of this size concealed in Defendant's car, has the potential to cause more harm to the community than a smaller load, and therefore warrants greater punishment.  Though use quantities vary widely, 18.97 kilograms of cocaine comprises *tens of thousands* of "hits" or individual user quantities of the drug, conservatively, potentially affecting hundreds if not thousands of users, their families, and their communities. *See* U.S.S.G. § 2D1.1 cmt. n.9.  This is a huge amount of a dangerous and addictive drug, capable of inflicting widespread and lasting damage throughout the community.  Defendant should receive a sentence that reflects the seriousness of her criminal conduct.  While the mitigating factors identified by Defendant, including her lack of any other criminal history justify a low-end sentence, none is a basis for varying downward. A 41-month sentence will satisfy the 18 U.S.C. § 3553(a) sentencing factors by providing just punishment, promoting respect for the law, and deterring Defendant and other would-be couriers, while taking into account Defendant's history and characteristics.

### III.   Conclusion

For these reasons, the United States respectfully urges the Court to accept the parties' plea agreement and impose a low-end Guidelines sentence of 41 months of imprisonment followed by three years of supervised release.

Respectfully submitted this 1st day of March, 2021.

PAUL ANTHONY MARTIN<br>
Acting United States Attorney<br>
District of Arizona<br>
<br>
*s/ Ryan McCarthy*<br>
RYAN MCCARTHY<br>
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant: David LeLievre Jr.

*s/ Ryan McCarthy*
U.S. Attorney's Office